# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| **DAVID FLOYD DIVINE,** | ) |
| **Plaintiff,** | ) |
| v. | ) No. 3:19-CV-207-PLR-DCP |
| **CLAIBORNE COUNTY, MARK ELLIS, CODY LOWE, and SOUTHERN HEALTH PARTNERS,** | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

This is a pro se prisoner's complaint under 42 U.S.C. § 1983. On December 12, 2019, the Court entered an order providing that Plaintiff would have twenty-one (21) days from the date of entry of the order to show cause as to why Defendants Southern Health Partners and Mark Ellis should not be dismissed from this action for want of prosecution [Doc. 15]. More than twenty-one (21) days have passed, and Plaintiff has not complied with this order.

Federal Rule of Civil Procedure 21 gives courts authority to dismiss a party from a lawsuit. *See* Fed. R. Civ. P. 21 ("On motion or own its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against any party."). When evaluating the propriety of a dismissal under Rule 21, courts should consider as guidance the standards of Federal Rule of Civil Procedure 41, which gives courts the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." Fed. R. Civ. P.

41(b); *see, e.g., Arnold v. Heyns*, No. 13–14137, 2015 WL 1131767, at *4 (E.D. Mich. Mar. 11, 2015).[1]

The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's show cause order is due to Plaintiff's willfulness and/or fault. Specifically, it appears that Plaintiff received the order and chose not to respond. As such, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants. Therefore, this factor does not weigh in favor of dismissal.

As to the third factor, the Court ordered Plaintiff that he must show cause why these Defendants should not be dismissed, and he failed to comply with the Court's order [Doc. 15 p. 2]. Therefore, Plaintiff was warned that these Defendants would be dismissed absent a showing of good cause for the failure to prosecute, and this factor weighs in favor of dismissal.

---

[1] The Sixth Circuit interprets Rule 41 to preclude dismissal of some, but not all, of the Defendants or claims in a civil action. *See, e.g., Letherer v. Alger Grp.*, LLC, 328 F.3d 262, 266 (6th Cir. 2003) (holding "action" in Rule 41 means the "entire controversy"); *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961) (holding Rule 41 only permits dismissal of entire controversy).

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff was a prisoner proceeding proceed *in forma pauperis* [Doc. 4], and he has not pursued this case since filing his complaint in June 2019 [Doc. 1].

The Court concludes that the relevant factors weigh in favor of dismissing Defendants Mark Ellis and Southern Health Partners. Accordingly, Defendants Mark Ellis and Southern Health Partners are fully and finally **DISMISSED** from this action.

**SO ORDERED.**

**ENTER:**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**