UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| **DAVID FLOYD DIVINE,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) No. 3:19-CV-207-PLR-DCP |
| **CLAIBORNE COUNTY and CODY LOWE,** | ) ) ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

Defendants Claiborne County and Cody Lowe have filed a motion for summary judgment seeking dismissal of this pro se prisoner's complaint for violation of 42 U.S.C. § 1983 based, *inter alia*, on Plaintiff's failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA") [Doc. 17]. Plaintiff has failed to file a response to the motion, and the deadline to do so has passed. *See* E.D. Tenn. L.R. 7.1. Upon consideration of the parties' pleadings, the competent summary judgment evidence, and the applicable law, the Court finds that summary judgment should be **GRANTED**, and this action should be **DISMISSED**.

### I. RELEVANT ALLEGATIONS OF COMPLAINT

On May 30, 2019, Plaintiff was in full restraints at the Claiborne County Jail when Officer Code Lowe pepper sprayed Plaintiff in an unprovoked assault [Doc. 1 p. 4].

### II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only when the pleadings and evidence, viewed in a light most favorable to the nonmoving party, illustrate that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a),(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is deemed "material" if resolving that fact in favor of one party "might affect the outcome of the suit under governing law." *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). To establish an entitlement to summary judgment, the moving party must demonstrate that the nonmoving party cannot establish an essential element of his case for which he bears the ultimate burden of proof at trial. *Celotex*, 477 U.S. at 322; *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 339 (6th Cir. 1993).

Once the motion is properly supported with competent evidence, the nonmovant must show that summary judgment is inappropriate by setting forth specific facts showing there is a genuine issue for trial. *Celotex*, 477 U.S. at 323; *Anderson*, 477 U.S. at 249. If the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," then there is a genuine dispute as to a material fact. *Anderson*, 477 U.S. at 248. If no proof is presented, however, the Court does not presume that the nonmovant "could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n.*, 497 U.S. 871, 889 (1990)).

### III.   DISCUSSION

The PLRA requires prisoners to exhaust all available administrative remedies prior to filing suit under 42 U.S.C. § 1983. *See* 42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 532 (2002) (holding "that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong"). Administrative exhaustion is mandatory, regardless of the type of relief sought, or whether such relief can be granted through the administrative process. *See Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)).

In his complaint, Plaintiff alleges that he filed a formal grievance prior to filing his lawsuit and failed to receive a response [Doc. 1 p. 2]. However, this contention is contradicted by the affidavit of Ron Hayes, the Chief Deputy of the Claiborne County Sheriff's Office, who attests

2

that Plaintiff's § 1983 complaint was the first notice to the County of Plaintiff's allegations [Doc. 18-1]. Plaintiff has not produced any documentary proof to the contrary to demonstrate that a grievance was filed, and, if so, that it was pursued to its proper conclusion through the grievance appeal process [*See id*.]. Therefore, the competent summary judgment evidence demonstrates that Plaintiff failed to meet the PLRA's mandatory exhaustion requirement prior to filing the instant suit, and this action will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment [Doc. 17] will be **GRANTED**, and this action will be **DISMISSED WITHOUT PREJUDICE**.

Further, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith, and that Plaintiff should be **DENIED** leave to proceed *in forma pauperis* on any subsequent appeal.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**